### SARAH J. CLARK v. JOHN K. MONTFORT.

RENT — *Attachment* — *Discharge.* An attachment issued in an action to recover rent for farming land is subject to the general rule in respect to a discharge, for the reason that it is not true as stated in the affidavit for attachment, that the rent is due and unpaid.

*Error from Johnson District Court.*

THE opinion states the case. The plaintiff, *Clark,* brings here for review an order made on April 3, 1886, discharging an attachment.

*B. P. Noteman, John T. Little,* and *Samuel T. Seaton,* for plaintiff in error.

*A. Smith Devenney,* for defendant in error.

Opinion by SIMPSON, C.: A motion was filed to discharge the attachment issued in this case, for the reason "that it is not true that at the commencement of this action, nor at the time of the issuance of said order of attachment in this cause, the said defendant was indebted to the plaintiff herein in the sum of $365, nor in any other sum of money." The plaintiff sued for the yearly rent of a leased farm, and caused an attachment to issue, and she levied on the crops growing and gathered, under § 28, chapter 55, Comp. Laws of 1885, alleging as a cause for the attachment that the sum of $365, one year's rent, was due and unpaid. The court below heard the evidence on the motion to discharge, and sustained it, and this is the error complained of here. It is urged that this ground of attachment cannot be inquired of, because that is the cause of action, and if the court should discharge the attachment it would be virtually a decision of the case on its merits. Without stopping to point out the distinction between a ruling on a mere ancillary question, and a decision on its merits, we have only to refer counsel to what is printed in their own brief, as the declaration of this court in the case of *Bundrem v. Denn*, 25 Kas. 430, and to declare that we are bound and concluded by the opinion in that case. It but announces the familiar law of the state, and the ruling of the learned judge below was in accord with it, and must be affirmed.

By the Court: It is so ordered.

All the Justices concurring.